By the Court.—Van Vorst, J.
No evidence has been adduced, or reason assigned by the plaintiff, to account for the presence of the deceased at the place of known danger, where he was killed.
Had he been an ordinary traveler, killed in an attempt to cross the track at Fifty-second street, while the chains were up, to indicate that trains were passing, or about to pass, the fact that such reasonable precautions had been taken by the defendants, would seem to characterize such act as exceedingly rash, and would justify the conclusion that he had been guilty of contributory negligence.
But the deceased was an employee of the company, having charge of the chain, with specific duties.
It is conceivable that some extraordinary emergency might possibly arise, sufficient to justify him in leaving his station, and going upon the track. Some new duty or obligation to his employer, or others, outside of his regular employment, might possibly call him there (Eckert v. Long Island R. R. 43 N. Y. 502).
But the evidence shows no such call or duty on the occasion in question.
Franklin, the depot master of the defendants, testified that he hired the deceased to attend to the chains, and gave him instructions to perform such services. That he was instructed to attend the chain at Fifty- *419 second street. That he had no business to go upon the track ; it was not his duty to go there. That he had nothing to do with trains or flagging them. He was to flag wagons and stop them from going on the track. His position was at the chain.
The witness Miller, a fellow employee with the deceased, in the defendant’s service, and to whom deceased was brought by the depot master, “to break him in on the chain,” says that the deceased was seen by the depot master on some occasions standing with the witness on the track, and that he, witness, was instructed by the depot master to keep deceased at the chain, and that he informed deceased that he was instructed to tell him to stay back at his chain, where he belonged.
Deceased had both a white and a red flag, and it was his duty to keep people off the track when trains were passing.
If a wagon happened to get on the track a red flag was used to stop the train. He could see the trains approaching, by looking down the avenue, without going off the sidewalk.
No one saw the deceased when he received the injury which led to his death. Nor is there definite evidence as to how it was occasioned. He was found crushed, and in a dying condition.
One witness testified that when he last saw him he was lying “ between the cars, between the rails of the track, and between some large stones that were knocked up.” He was on the point of expiring when they removed him. In another place, the same witness says the deceased was found about the middle of the two tracks, between the track on which the freight cars were, and another one; and he thought a freight car had struck him.
Another witness says he was killed between the side and main track.
*420 It is not entirely clear, therefore, where the deceased, was standing at the time he received the injury, nor what killed him. But in the view which we have taken, of this case, it is not material whether he was injured while standing between the freight cars on the sidetrack, one of which had been put suddenly in motion by the cars, detached from its train through the-negligent handling of the switch, or whether he was. between the two tracks. The result would be the same.
The switch, through the negligent handling of which, two cars were thrown off the track, was two-blocks distant from the position of the deceased at the-chain.
He had no summons to duty there, nor any cara or responsibility in regard to the accident, or the detached or freight cars. His position on the west side of Fourth ávenue, at the chain, and where it was-his duty, under express directions, to remain, was forty feet distant from the side track, on which the freight cars were standing, and was a place of safety, as the place of duty is usually.
Although, in leaving the chain he violated his duty, yet his negligence in that respect only, was not an immediate cause of his death.
His contributory negligence consisted in going,, under the circumstances, to the spot where he was. killed.
He knew the purpose for which the chain was suspended, and that it was a warning to keep persons from the tracks while trains were passing.
The chain was placed there expressly to prevent persons from attempting to cross at such times.
His being on the tracks, or between them, under the conditions stated in the evidence, in a position of known danger, was presumptively negligent, and, being wholly unexplained, is conclusive.
The employer should not beheld liable for an injury *421 sustained by an employee, in a place of known danger, to which he unnecessarily, and without command, exposed himself, and to which no duty or obligation within the scope of his employment called him.
This view of the case dispenses with an inquiry in respect to the negligence of the defendants, and the extent to which it contributed to, or ca'used the decedent’s death.
As has already been observed, no person saw the -decedent at the precise time he was injured. That he was struck by the car put in motion on the side track, by the car detached through the negligence at the switch, is highly probable. If there had been no contributory negligence on the plaintiff’s part, there was sufficient in the evidence to have carried the case to the jury as to whether or not the negligence of the defendants was the cause of his death.
There was no conflict in the evidence, which would have justified the submission to the jury of the question, of the plaintiff’s negligence.
As already observed, the duties of the deceased, under his hiring, are clearly proven. His position was at the chain, to put it up, and remain there with his flag to warn persons until the danger was past, and the crossing safe.
The manner in which the witness Bradley, who had -some years before been a street-flagman, performed his duties, or what his duties were, or what others had done or did, do not affect the question as to what the deceased was to do under his specific employment.
In order to have justified the submission of the case as to the negligence of the defendant, the deceased should have been shown to have been without fault.
The burden was on the plaintiff to do this. This she failed to do.
We are of opinion that the complaint was properly •dismissed. We find no error in the rulings on the *422 trial which would justify a disturbance of the verdict.
The motion for a new trial should be denied, and judgment ordered for the defendants, according to the-direction of the judge on the trial, with costs.
Freedman, J., concurred.